UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN L. DEXTER,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant. | CASE NO. 3:11-cv-05023-RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 23. The court has considered the recommendation, pleadings, Plaintiff's Objections (Dkt. 24), and the remainder of the file herein. The Court concurs with conclusion and analysis of the Report and Recommendation and adds the below analysis in response to Plaintiff's Objections. (Dkt. 24).

Plaintiff appeals the denial of two applications for Social Security disability benefits. Plaintiff's first application was filed on September 23, 2003, and it was initially denied on November 7, 2003, and again upon reconsideration on April 15, 2004. Dkt. 14, at 1, 2. Plaintiff filed a late request for a hearing on March 21, 2005, along with a "good cause" statement. *Id*. Administrative Law Judge Arthur Joyner ("ALJ Joyner") did not find good cause and dismissed

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

1 Plaintiff's request, and the Appeals Council declined to review the dismissal. *Id*. Plaintiff did not
2 appeal. Dkt. 20, at 6.

3       Plaintiff also appeals the denial of a second application for Social Security benefits filed
4 on August 21, 2007. This application was also denied initially and again upon reconsideration.
5 Dkt. 14, at 2.

6       Plaintiff argues that because she has exhausted all administrative remedies as to both
7 applications for Social Security benefits, "final decisions" have been made as to both
8 applications, and this Court should review the decisions for abuses of discretion. Dkt. 14, at 8, 9.
9 *See* 42 U.S.C. § 405(g).  Plaintiff argues in the alternative that even if neither application denial
10 was a "final decision" under 42 U.S.C. § 405(g), Plaintiff has stated a claim because both
11 application denials can be challenged on constitutional grounds under the *Sanders* exception.
12 Dkt. 20, at 2. Dkt. 24. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). The Ninth Circuit has "held
13 that the *Sanders* exception applies to any colorable constitutional claim of Due Process violation
14 that implicates a Due Process right either to a meaningful opportunity to be heard or to seek
15 reconsideration of an adverse benefits determination." *Udd v. Massanari*, 235 F.3d 1096, 1099
16 (9th Cir. 2001).

17       Plaintiff challenges the constitutionality of the denial of her first application for Social
18 Security benefits on the basis that, in violation of Social Security regulation, ALJ Joyner failed to
19 find good cause for Plaintiff's late filing of her hearing request. Dkt. 24, at 9. However, as stated
20 in the Report and Recommendation, (1) Plaintiff had a meaningful opportunity to be heard,
21 because she received proper notice of her denial but failed to appeal the Appeals Council
22 decision (Dkt. 23, at 7, 8); and (2) the law provides that certain circumstances cited by Plaintiff
23 *may but do not necessarily* constitute "good cause" (*Id*.; see 20 C.F.R. § 404.911(b)).
24

Furthermore, as the Ninth Circuit has recently decided, Appeals Council decisions cannot be appealed absent constitutional error. *Taylor v. SSA*, 3:09-cv-00278-MA (9th Cir. Oct. 27, 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action subject to judicial review."); *c.f. Sanders* 430 U.S. at 109 ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed.").

Plaintiff also challenges the constitutionality of the denial of her second application for Social Security benefits on the basis that additional evidence presented to an administrative judge distinguishes her second application from first application. Dkt. 20, at 4-8; Dkt. 24, at 9. The ALJ denied Plaintiff due process by improperly applying *res judicata*, Plaintiff argues, under circumstances where new evidence should have given Plaintiff a new opportunity to be heard. *Id*., at 7, citing to 20 C.F.R. § 404.957. However, as the Magistrate Judge points out in his Report and Recommendation, Plaintiff fails to "demonstrate how the alleged erroneous application of *res judicata* has denied her due process rights[.]" Dkt. 23, at 11.

Therefore, the Court, having reviewed plaintiff's Complaint, defendant's Motion to Dismiss, plaintiff's Opposition to the Motion, the Report and Recommendation of Judge J. Richard Creatura (Dkt. 23), United States Magistrate Judge, objections to the Report and Recommendation (Dkt. 24) and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation.

(2) Defendant's Motion to Dismiss is GRANTED.

(3) **JUDGMENT** is for **DEFENDANT** and the case is closed.

DATED this 22nd day of November, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3